CITY OF HEMPSTEAD v. WALLER COUNTY.

(No. 1097, Op. Book No. 2, p. 460.)

APPEAL from Waller County. Opinion by WHITE, J.

§ 799. *Fines imposed by mayors or recorders; when they belong to the county, and when to the city; provisions of the statute upon the subject construed.* The mayor of Hempstead tried parties for offenses against the state laws, the cases being styled and docketed as state cases, and the proceeding being conducted in the name of the state. Fines were imposed in these cases, and collected, to the amount of $104, and paid into the city treasury.

This suit was brought by Waller county to recover these fines, upon the ground that the same belonged to the county, and not to the city. The judgment of the court below was that the county recover the same. *Held,* articles 894, 895, 975, 976, 977, 978, 979 and 980 of the Code of Criminal Procedure are compared with chapter 3, title XVII, articles 359 and 361 of the Revised Statutes, and the conclusion reached that the intention with which title XVII of the Revised Statutes was enacted was to regulate and prescribe rules for the carrying on of the governments of municipal corporations of towns and cities only, and not to provide other and additional machinery, with general authority to assist in carrying on the state government and aid the execution of her laws, or with any other than municipal powers, except in cases where such purpose was or might be declared in plain and unambiguous terms by express statute. The general law, as we have seen, provides that, when mayors act in the name of and for the state, they are recognized as state officers, and the moneys collected by them in such capacity is not only required to be reported, but also to be paid over, to the county treasurer of the proper county forthwith. Article 361 of the Revised Statutes must be held to have exclusive reference to the matters pertaining to the city government and the execution of city ordinances, and moneys collected under such circumstances legitimately belong to and should be paid into the city treasury. But in this case the money collected was collected in the name of the state and under the state laws, and belonged of right to the treasury of Waller county.

March 23, 1881.            Affirmed.